

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable Chas. F. Hemphill
County Auditor
Upton County
Rankin, Texas

Dear Sir:

Opinion No. O-4868
Re: Was the appointment
of the Justice of the
Peace legal and is he
entitled to his salary
under the facts stated?

Your letter of September 29, 1942, requesting the opinion of this department on the above stated question reads in part as follows:

"On September 4th 1942 the Commissioners Court of this County met in Special Session without having notified Commissioner J.O. Currie, whereas on August 21, 1941, at a Special Meeting of Commissioners' Court of Upton County, Texas, at which meeting those present were the County Judge, the four County Commissioners, the Sheriff, and the County Clerk, and at which meeting the following motion was passed, adopted and made a part of the Commissioners' Court Records of Upton County, to wit:

"'Motion by Commissioner Wheeler, seconded by Commissioner Yates that no more Special Sessions of the Commissioners' Court be called unless in case of an emergency. That should an emergency arise all members of the Court be notified of such attention to call such Special Session and advised of the purpose thereof.

"'All Commissioners voting Aye.'

"In the Special Session above mentioned which was held on September 4, 1942 the Commis-

sioners' Court appointed Mr. Maburn L. Harris
to fulfill an unexpired term as Justice of the
Peace at a salary of $100.00 per month.

"As County Auditor, I have withheld pay-
ment of Maburn L. Harris' salary due to the fact
that the Special Session at which he was ap-
pointed was not lawfully and legally held under
the Statutes and the Special Agreement had by
and between this same group of County Officials
and so recorded in their minutes.

"I am convinced that there was a lawful
quorum of the Court present and the only ques-
tion as to the legality of the appointment is
whether or not the above mentioned agreement is
of binding consequence in this or any other in-
stance, and whether I am within my just rights
in withholding this man's salary."

In your letter of November 16, 1942, supplementing
the above mentioned letter, you state in part:

"I wish to advise that the captioned re-
quest was merely for an opinion regarding a
lawful quorum for the Commissioners' Court of
this County due to the fact that this particular
Court had at a prior meeting recorded in the
Commissioners' Court Minutes an agreement whereby
they would not hold a special session unless all
Commissioners had been duly notified of such special
session.  I think the Statutes are clear concerning
a legal quorum, but the question is simply whether
or not such minute of the Court is of any value on
the records. You request a reason why one of the
Commissioners was not notified of the special ses-
sion, I am forced to answer that I do not know.
There is possibly no reason at all.

"I wish to advise further that all County
Officials and all precinct Officials in this
County are being paid on an annual salary basis
for the calendar year of 1942, and the salary to
be paid to the newly appointed Justice of the
Peace is the same as that paid to the deceased
officer."

Article 2343, Vernon's Annotated Civil Statutes pro-
vides:

"Any three members of the said court, in-
cluding the county judge, shall constitute a quorum

for the transaction of any business, except
that of levying a county tax."

Article 2342, Vernon's Annotated Civil Statutes reads as
follows:

"The several commissioners, together with
the county judge, shall compose the 'Commis-
sioners Court', and the county judge, when pre-
sent, shall be the presiding officer of said
court."

Article 2348, Vernon's Annotated Civil Statutes pro-
vides:

"The regular terms of the commissioners
court shall be commenced and be held at the
court house on the second Monday of each month
throughout the year and may continue in session
one week; provided the court need not hold more
than one session each quarter if the business of
the court does not demand a session. Any session
may adjourn at any time the business of the court
is disposed of. Special terms may be called by the
county judge or three of the commissioners, and
may continue in session until the business is
completed."

Article 2355, Vernon's Annotated Civil Statutes pro-
vides in part:

"The Court shall have power to fill va-
cancies in the office of: ..... Justices of the
Peace .... Such vacancies shall be filled by a
majority vote of the members of said Court, pres-
ent and voting, and the person chosen shall hold
office until the next general election."

Under the facts stated, all members of the commissioners'
court were present except one county commissioner when the justice
of the peace was appointed by said court at its special meeting.
However, one of the commissioners had no notice of the special
meeting of the commissioners' court when the court appointed the
justice of the peace. Notwithstanding the order of the commission-
ers' court requiring that all the members thereof be notified of
any or all special sessions of the court, it is our opinion that
the action of the commissioners' court at a special meeting with-
out notice to all the members thereof is void.

It is stated in Corpus Juris., Volume 46, page 1035:

"In no case, in the absence of express statutory provision to the contrary, can the action of a majority be regarded as valid, unless all are present or have been notified, although it has been held that, until the contrary has been shown, it will be presumed that all were present and participated in the preceeding or had notice. Where all the members of a board are present and participate in a meeting without objection, it is immaterial that no notice of the meeting was given."

In the case of Webster vs. Texas & Pacific Motor Transport Company, et al., decided November 11, 1942 (Supreme Court of Texas, not yet reported), it is stated:

"It is a well established rule in this State, as well as in other States, that where the Legislature has committed a matter to a board, bureau, or commission, or other administrative agency, such board, bureau, or commission must act thereon as a body at a stated meeting, or one properly called, and of which all the members of such board have notice, or of which they are given an opportunity to attend. Consent or acquiescence of, or agreement by the individual members acting separately, and not as a body, or by a number of the members less than the whole acting collectively at an unscheduled meeting without notice or opportunity of the other members to attend, is not sufficient. 34 Tex. Jur.457; 51 C.J. 62; State v. Union Light, Heat & Power Co.(N.D.), 182 N.W. 539; McNolty v. Board of School Directors (Wis.), 78 N.W. 439; People v. Whitridge, 129 N.Y.S. 295; City of Floydada v. Gillam (Tex. Civ. App.), 11 S.W. (2d) 761; King v. Guerra (Tex. Civ. App.), 1 S.W. (2d) 373; Schwanbeck v. People ex rel. Mith (Colo.) 24 P 575; School District No. 39, Pattowetomie County v. v. Shelton (Okla.), 109 P. 67; Murphy v. City of Albina (Ore.), 29 P. 353; Mason v. Directors of Poor for Erie County (Pa.), 126 Pa. 445; Thompson v. West (Neb.), 82 N.W. 13; First National Bank of Marlin v. Dupuy (Tex. Civ. App.), 133 S.W. (2d) 238; McAlister v. City of Frost (Tex. Civ. App.), 131 S.W. (2d) 975."

Honorable Chas. E. Hemphill, Page 5, No. 0-4868

Therefore, in view of the foregoing authorities, as above stated, it is our opinion that the act of the commissioners' court at a special meeting appointing the justice of the peace without notice to all the members of the commissioners' court is void.

Article 6828, Vernon's Annotated Civil Statutes reads:

"It shall be unlawful for any officer or court of this State, or of any municipal division thereof, to allow, audit, pay or order to be paid, the claim of any person for salary, compensation, fees, perquisites, emoluments or services, as an officer of the State or of any municipal division thereof, except to such person as has been duly elected such officer by the qualified voters of this State, and whose election has been ascertained and certified or declared in the manner required by law, or who has been appointed such officer by the lawful appointing power under the Constitution and laws of this State, or who has been adjudged entitled thereto by a State court of competent jurisdiction, and has qualified as such officer in accordance with the law. Any person not so elected, appointed and qualified shall not be entitled to receive pay for services as such officer, or to exercise the powers or jurisdiction of such officer. The official acts of any person claiming a right to exercise such power or jurisdiction contrary to the provisions of this law shall be void."

It will be noted that under the provisions of the foregoing statute that any person who has not been duly elected an officer by the qualified voters of this State and whose election has been ascertained and certified or declared in the manner required by law, or who has been appointed such officer by the lawful appointing power under the Constitution and laws of the State, or who has been adjudged entitled thereto by a State court of competent jurisdiction, and as qualified as such officer in accordance with law is entitled to claim or be paid any salary, compensation, fees, perquisites, emoluments or services, as an officer of the State or of any municipal division thereof. It will be further noted that any person not so elected, appointed, and qualified shall not be entitled to receive pay for services as such officer, or to exercise the powers or jurisdiction of such officer. Therefore, as above stated, it is our opinion that the appointment of the justice of the peace is void and he is not legally entitled to his salary as such officer.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC. 9, 1942

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
By /s/ BWB, CHAIRMAN

By /s/ Ardell Williams
Ardell Williams
Assistant

AW:ff:bk