**RAILROAD COMMISSION of Texas et al., Appellants,**

v.

**CHARLIE PHILLIPS TRUCKING COMPANY, INC., et al., Appellees.**

No. B–7667.

Supreme Court of Texas.

March 28, 1979.

Mark White, Atty. Gen., Joyce Beasley, Asst. Atty. Gen., Austin, Scurlock, Binion, Brackett & Oldham, Inc., Clint Oldham, Fort Worth, for appellants.

Jerry C. Prestridge, Austin, for appellees.

GREENHILL, Chief Justice.

This is a direct appeal by Rayburne Sand, Incorporated, and the Railroad Commission from a trial court judgment declaring an order of the Railroad Commission to be

invalid and permanently enjoining the Commission from putting the order into effect.

The Railroad Commission's order granted Rayburne Sand, Incorporated, a Specialized Motor Carrier Certificate to transport various construction materials to and from certain areas in five Texas counties. Charlie Phillips Trucking Company, Inc. and its parent company, Trans-Texas Trucking Corporation, protested the granting of this certificate and appealed the order to the District Court.

After examining the evidence presented at the hearing before the Railroad Commission, the trial court concluded that the Commission's order granting the certificate was invalid for three reasons: (1) there was no substantial evidence on the inadequacy of the existing service, on the public necessity for the proposed service, or on the promotion of public convenience as a result of the proposed service; (2) the order failed to set out full and complete findings on the need for the service authorized under the order or on the inadequacy of the service of existing carriers; (3) the Commission's order granting the certificate was arbitrary and capricious. Pursuant to these rulings, the trial court permanently enjoined the Commission from taking any action to effectuate its order. We agree with the trial court's conclusion that there was no substantial evidence to support the Commission's order; and, accordingly, we affirm the judgment of the District Court.

Article 911b, section 5a, subsection (d) provides that the Railroad Commission may not issue a specialized motor carrier certificate unless there is substantial evidence of the following presented at the hearing on the application:

(1) that the services and facilities of the existing carriers serving the territory or any part thereof are inadequate; (2) that there exists a public necessity for such service, and (3) the public convenience will be promoted by granting said application.[1]

Upon a review of the entire record before us, we conclude that there was not substantial evidence that the carrier services available in this five-county region are inadequate or that there exists a public necessity for such new service by Rayburne Sand. Thus, the first two statutory requirements have not been met.

To understand the specific evidence that the Commission and Rayburne Sand contend meets the requirements of article 911b, it is necessary to summarize briefly the events that took place at the hearing on Rayburne Sand's application. Its original application for a certificate requested authority to transport various building materials between all points in Johnson, Ellis, Hill, Hood and Bosque Counties. After testimony from several protesting carriers who provided service to that area, Rayburne Sand amended its application to limit the requested authority to transportation of crushed limestone base, sand (except silica sand) and gravel from (1) the facilities of Arnold Industries and Round Rock Lime Company at or near Blum, Texas, to points in Johnson County and from (2) the facilities at or near Park Road 21, approximately sixteen miles west of Cleburne, to points in Johnson, Ellis, Hood, Hill and Bosque Counties. Upon presentation of this amended application, all protesting carriers except Charlie Phillips Trucking Company and its parent company withdrew their protests.

Rayburne Sand then proceeded to present the testimony of various persons who resided in the five-county area and who used the materials listed in the amended application. The substance of this testimony pertained basically to two matters: (1) the witnesses' satisfaction with the services and materials provided by Rayburne Sand and (2) their dissatisfaction with the services and materials provided by Charlie Phillips Trucking Company.

Finally, Charlie Phillips testified on behalf of his protesting carriers, Charlie Phillips Trucking Company and Trans-Texas

---

1. All statutory references are to Vernon's Texas Revised Civil Statutes Annotated. The quoted provision is in subsection (d).

Trucking Corporation. His testimony consisted primarily of a description of the facilities and equipment he had available for carrier service in the five-county area.

The evidence presented that comes closest to supporting the statutory requirements of inadequacy of existing service and necessity for the proposed service is described in the following fact findings made by the Commission:

14. Many of Worth Building's jobs are small, requiring only one or two truckloads of the involved commodities. Worth Building Company called upon protestant Charlie Phillips for the delivery of a load of sand to a job in Joshua, Texas, but could not get the materials delivered at the time requested.

34. In 1975, Mr. Shipman owned some tractor-trailer rock trucks, 2 or 3 of which were leased to protestant Charlie Phillips. During this period, Mr. Phillips refused loads of limestone tendered to Mr. Shipman because they involved 1 or 2 truckload jobs.

39. If the application were denied, Coleman would not use the services of protestant Phillips, but would purchase its own equipment for the movement of these commodities.

46. If this application is denied, Holiday Homes would not utilize the services of protestant Charlie Phillips.

The businesses and individuals mentioned in these findings are residents of the five-county area who use the materials listed in Rayburne Sand's application.

■ The most that can be said of this evidence is that it indicates that there is some customer dissatisfaction with the carrier service provided by Charlie Phillips Trucking Company. Article 911b requires more; i. e., substantial evidence of the "inadequacies of the services and facilities of the existing carriers" and the "public need for the proposed service." *See Miller v. Railroad Comm'n*, 363 S.W.2d 244 (Tex. 1962). Thus, there must be presented at the hearing substantial evidence which indicates that the existing services and facilities in the area are inadequate to meet the public need. There is no substantial evidence that the existing services of carriers other than Charlie Phillips Trucking Company are insufficient to satisfy the public need. Further, the record does not show that Charlie Phillips Trucking Company is the sole carrier providing service in the five-county area. In fact, the testimony of the withdrawing protesting carriers is to the effect that there are several carriers providing service in the general area and that competition among carriers for business is keen.

■ Rayburne Sand and the Commission contend that evidence of inadequacy in the existing service of the one *protesting* carrier is sufficient. We do not agree. The statute speaks to the "existing carriers," not merely to those who protest the granting of the application. The purpose of the statute is to serve the public interest, and the Legislature has concluded that this interest is best served by a showing of inadequacy in the existing service, not merely by a showing of some customer dissatisfaction with one carrier.

■ Rayburne Sand and the Commission additionally contend that the withdrawal of the other protesting carriers after the application was amended constitutes evidence of the factors required by article 911b. They cite three federal motor carrier cases as authority.[2] The Interstate Commerce Commission rule cited in these cases is that the withdrawal of protests and opposition is an indication that existing motor carriers do not expect to suffer any material detriment from a grant of the authority requested. Such a rule does not control the statutory requirements of article 911b. An indication that withdrawing protesting carriers do not expect to suffer harm from the granting of the application does not constitute evidence that the existing carrier services are *inadequate* to meet the public need.

2. *Coldway Food Express, Inc., Ext.—General Commodities*, 124 M.C.C. 1 (1975); *J. V. Mc-Nicholas Transfer Company, Control—Tom's Express, Inc.*, 122 M.C.C. 786 (1977); *West Bros., Inc., Ext.—U. S. Highway 11*, 98 M.C.C. 571 (1965).

We conclude that the evidence presented at the hearing on the application does not constitute substantial evidence that there is an inadequacy of existing services or that there is a public need for the proposed service.

The judgment of the District Court is affirmed.