**TEXAS INDUSTRIAL TRAFFIC LEAGUE et al., Petitioners,**

v.

**RAILROAD COMMISSION OF TEXAS et al., Respondents.**

No. C–1120.

Supreme Court of Texas.

June 9, 1982.

Deborah A. Chadbourne, Irving, Daniel J. Sweeney and John M. Cutler, Jr., Washington, D. C., for petitioners.

Mark White, Atty. Gen., Phyllis Schunk, Asst. Atty. Gen., Austin, Brooks & Brooks, Frank C. Brooks, Dallas, Robinson, Felts, Starnes & Latting, Philip Robinson and

John R. Whisenhunt, Austin, for respondents.

**PER CURIAM.**

This is an appeal brought by Texas Industrial Traffic League, et al. (hereinafter "the Shippers") from a decision of the Railroad Commission of Texas (hereinafter "the Commission"). The District Court of Travis County affirmed the decision of the Commission. The Court of Appeals held the Shippers had not proven standing to appeal, reversed the decision of the district court and remanded the cause to that court so that further evidence on the issue of standing might be received. 628 S.W.2d 187. We hold the issue of standing was not properly before the court of appeals. Pursuant to rule 483, Texas Rules of Civil Procedure, we reverse the judgment of the court of appeals and remand the cause to that court for a decision on the merits.

The Common Carrier Motor Freight Association (hereinafter "the Carriers") applied to the Commission for an increase in intrastate motor carrier rates. The Shippers intervened in the Commission proceedings and opposed the requested increase. After hearings, the Commission granted the Carriers an average rate increase of 8.1%.

The Shippers appealed the decision of the Commission to the District Court of Travis County. The Carriers intervened in the appeal. The Commission and the Carriers both filed only general denials in response to the Shippers' petition for judicial review. No written motion of any kind challenging the standing of the Shippers was filed by any party. Standing was mentioned only in oral argument. The district court rendered judgment affirming the decision of the Commission on its merits.

The court of appeals held that although the issue of the Shippers' standing had not been raised by motion in the district court, it could be raised on appeal to the court of appeals because an objection to lack of a party's justiciable interest in the suit raises

questions of fundamental error. The court of appeals, after lengthy discourse, proceeded to hold the Shippers had not proven standing under a test created by that court. The judgment of the district court was reversed by the court of appeals and the cause was remanded to the district court for further evidence on the issue of standing.

■ Fundamental error survives today only in rare instances in which the record shows on its face that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or Constitution of Texas. *Pirtle v. Gregory*, 629 S.W.2d 919 (Tex.1982). Failure of the party bringing suit to show a justiciable interest in the controversy is not a matter of fundamental error. *Coffee v. Rice University*, 403 S.W.2d 340 (Tex.1966); *Sabine River Authority v. Willis*, 369 S.W.2d 348 (Tex. 1963).[1] A party's lack of justiciable interest must be pointed out to the trial court (or the district court sitting as an appellate court) in a written plea in abatement, and a ruling thereon must be obtained or the matter is waived. *Sabine River Authority v. Willis, supra* at 350.

■ No plea challenging the standing of the Shippers was filed in the district court. The issue of standing was therefore waived, and the court of appeals erred in writing on this issue at all. Moreover, the court of appeals wrote *only* upon points of error which were not properly before it. It did not reach the merits of the appeal. Because of the conflict between the decision of the court of appeals in this case and our decisions in *Coffee v. Rice University* and *Sabine River Authority v. Willis*, pursuant to rule 483, Texas Rules of Civil Procedure,

without hearing oral argument, we reverse the decision of the court of appeals, and we remand the cause to the court of appeals for a decision on the merits.

---

1. We note that one decision of this court has treated lack of justiciable interest as a matter of fundamental error. *Holland v. Taylor*, 153 Tex. 433, 270 S.W.2d 219 (1954). *Holland* dealt with a *political question* arising out of an election. *See Carter v. Tomlinson*, 149 Tex. 7, 227 S.W.2d 795, 799 (1950). Moreover, because of the great public interest in cases involving elections, fundamental error is more apt to be found. *See Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947); *Yett v. Cook*, 115 Tex. 205, 281 S.W. 837 (1926). Our later decisions in *Coffee v. Rice University* and *Sabine River Authority v. Willis* have limited *Holland v. Taylor* to its facts.