TEXAS INDUSTRIAL TRAFFIC
LEAGUE et al., Petitioners,

v.

RAILROAD COMMISSION OF TEXAS
et al., Respondents.

No. C–3173.

Supreme Court of Texas.

Nov. 28, 1984.

Rehearing Denied Feb. 6, 1985.

Deborah A. Chadbourne, Dallas, Daniel J. Sweeny, Steven J. Kalish and John M. Cutler, Jr., Washington, D.C., for petitioners.

Jim Mattox, Atty. Gen., Jose Manuel Rangel, Asst. Atty. Gen., Robinson, Felts, Starnes, Angenend & Mashburn, Phillip Robinson, Austin, Brooks & Brooks, Dallas, for respondent.

PER CURIAM.

This is an appeal from an administrative order setting certain intrastate freight carrier rates. Common Carrier Motor Freight Association, Inc., applied to the Railroad Commission for an across-the-board rate increase for an entire class of carriers. The Texas Industrial Traffic League, the National Small Shipments Traffic Conference, and the Drug and Toilet Preparation Traffic Conference ("Contestants") opposed the application before the Commission. After an extensive administrative hearing, the Commission in 1980 granted the increase. Contestants appealed to the District Court of Travis County, which affirmed the Commission order.

Contestants further appealed in 1981 to the court of civil appeals, which reversed and remanded the cause. 628 S.W.2d 187. That court held that Contestants' failure to demonstrate facts in the record establishing a "justiciable controversy," or that they had standing, was fundamental error requiring reversal, although neither issue had been raised before anywhere in the proceedings. By per curiam opinion, this court disapproved the holding, reversed the judgment of the intermediate court and remanded the cause to that court for determination of the merits of the appeal. *Texas Industrial Traffic League v. Railroad Commission*, 633 S.W.2d 821 (Tex.1982).

On remand, the court of appeals again declined to reach the merits as to two of Contestants' three points. Rather, the court held that the type of review for rate cases provided under the freight carrier regulatory statute, Tex.Rev.Civ.Stat.Ann. art. 911b, § 20 (1964), was trial *de novo*. The court held that section 20 clearly mandated trial *de novo* under the administrative procedure act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19 (Supp.1982), rather than review under the substantial evidence rule. 672 S.W.2d 548. Because it found Contestants had presented their points and case under the wrong review standard, the court of appeals held no error was preserved. No party to the proceeding has ever contended that the standard of review was anything other than the substantial evidence rule. All parties—Contestants, the Commission, and the Freight Association— have filed applications for writ or error asking this court to set aside the court of appeals' holding that *de novo* review is the standard for carrier rate cases.

▪ We expressly disapprove all the holdings of the court of appeals that review under section 20 of article 911b is by trial *de novo*. We have expressly approved substantial evidence review of non-rate orders under section 20. *Railroad Commission v. Continental Bus System, Inc.*, 616 S.W.2d 179 (Tex.1981); *Railroad Commission v. Charlie Phillips Trucking Co.*, 580 S.W.2d 341 (Tex.1979). We have written that there is no longer necessarily a distinction between review of rate cases and re-

view of other administrative orders. *Railroad Commission v. Entex, Inc.*, 599 S.W.2d 292, 298 (Tex.1980). The same statute—section 20 of article 911b—defines the type of review, whether it is a rate order or other carrier regulation order. Our holdings mean that section 20 does not require *de novo* review, and therefore under section 19 of the administrative procedure act, review is under the substantial evidence rule. We disapprove all of the court of appeals' language to the contrary.

▪ We have reviewed Contestants' unaddressed complaints that the rate order was not supported by substantial evidence and was arbitrary and capricious. The Commission's order using the operating ratios method to set rates for this class of carriers is supported by substantial evidence both as to the decision to use that accounting method to set rates and as to sufficient accounting data to set the rate increase. We reject those complaints. The court of appeals' also held that the Commission did not abuse its discretion in setting the effective date of the order, and overruled Contestants' third point. We agree with that holding. We find no error in the *judgment* affirmed by the court of appeals. We disapprove the reasoning but agree with the judgment, and refuse the applications for writ of error, no reversible error. Tex.R.Civ.P. 483.