**Ray BARNETT and Bruce Proctor, Jr., d/b/a Barnett & Proctor, Appellants,**

**v.**

**TEXAS EMPLOYMENT COMMISSION et al., Appellees.**

**No. 12150.**

Court of Civil Appeals of Texas, Austin.

May 22, 1974.

Rehearing Denied June 12, 1974.

Frank Scarborough, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellants.

John L. Hill, Atty. Gen., of Tex., Rick Harrison, Asst. Atty. Gen., Austin, for appellees.

SHANNON, Justice.

The State of Texas sued appellants, Ray Barnett and Bruce Proctor, Jr., doing business as Barnett and Proctor, for sums claimed to be owed as contributions to the Unemployment Compensation Fund for the years 1964 through 1967. Upon trial to the court, judgment was entered in favor of the State. We will reverse that judgment.

The question to be decided is whether a number of insurance adjusters connected with appellants were independent contractors or appellants' employees. If the adjusters were employees, appellants were liable for unemployment taxes. We are of the opinion that the adjusters were independent contractors, and, as a result, appellants are not liable for the taxes.

The provisions of Vernon's Tex.Rev. Civ.Stat.Ann. Art. 5221b–17(f)(1), then applicable, are as follows:

"(f) 'Employer' means:

(1) Any employing unit which . . . has . . . in employment four (4) or more individuals . . ."

The term "employment" as used in the above definition is set out in Tex.Rev.Civ. Stat.Ann. Art. 5221b–17(g)(1):

"(g) (1) 'Employment' means any service . . . performed for wages or under any contract of hire, written or oral, express or implied, provided that any services performed by an individual for wages shall be deemed to be employment subject to this Act unless and until it is shown to the satisfaction of the Commission *that such individual has been and will continue to be free from control or direction over the performance of such services* both under his contract of service and in fact." (Emphasis added)

For appellants to have been an "employer" it must have been shown that they employed at least four persons for some portion of each of twenty different days within a calendar year. In its findings of fact the court found that for a three-year period the appellants had no fewer than two secretaries and no fewer than three insurance adjusters for the same twenty days during that period. Appellants admit that the secretaries were in their employment, but deny that the insurance adjusters were their employees.

Two witnesses testified concerning the relationship between appellants and the insurance adjusters. Those witnesses were J. C. Daugherty, an accounts examiner for the Texas Employment Commission, and R. E. Perkins, an insurance adjuster formerly with appellants. Though Perkins was the only adjuster who testified, there was some evidence, and the court found as a fact, that he and the other insurance adjusters associated with appellants were in the same position and category. The substantial facts are undisputed and are as follows:

Appellants operated an insurance adjustment business in Abilene. Perkins was an

experienced adjuster when he associated himself with appellants. The adjusters with appellants had regular clients, both insurance agencies and insurance companies, and they work particular territories for those clients.

Perkins' arrangement with appellants was not by written contract. The arrangement was that appellants furnish secretarial service, office supplies, postage, telephone and desk space. Appellants also furnished the adjuster business cards with both the appellants' and the adjuster's name printed thereon. Appellants received forty percent of the fee paid by the insurance company on each claim file and the adjuster received the remaining sixty percent. Any expense item charged to a claim file was reimbursed to the party incurring the item.

Appellants billed the insurance companies for the work done by the adjuster. On the statements sent to the insurance companies there appeared both the names of appellants and the particular adjuster who had done the work on that claim file.

The adjusters received payment from appellants on a semi-monthly basis. However, the adjuster was not paid for his work on a claim file until the insurance company had been billed and had paid. Appellants withheld no social security or federal income tax from the sums due the adjuster.

Each adjuster did his own work. The adjusters were not given any direction as to the number of hours worked or as to the time of day they worked. The adjusters were experienced claims men who were not directed by appellants as how to perform the details of their work in adjusting a particular claim. Perkins testified that the arrangement with appellants did not provide that the adjusters would take directions from appellants. The adjusters did receive directives from their insurance company clients concerning the work to be done on the respective claim files. Daugherty testified that on one occasion he heard one of the appellants tell an adjuster to communicate with a certain person living in a town where the adjuster was going.

Prior to trial, Perkins terminated his association with appellants. His clients went with him. He opened his own adjusting office in the converted garage at his home. He had business cards printed. His wife was his secretary and the home telephone was used as the office telephone. Perkins testified that the only way in which the new situation differed from the old was that he received one hundred percent of the fee instead of sixty percent.

■ The right of control of the details of the work is the determinative test of whether a person is an employee or an independent contractor. Anchor Casualty Company v. Hartsfield, 390 S.W.2d 469 (Tex.1965); Newspapers, Inc. v. Love, 380 S.W.2d 582 (Tex.1964). The statutory standard for liability under the Unemployment Compensation Act is similar. Art. 5221b–17(g)(1), *supra*.

■ That the work done by the adjusters required some special skill, that they had their own clients, that they did their own work without direction from appellants, that they kept their own hours, that they were not paid on a claim file until the work was done on the file, and that they were not carried on social security and income tax withholding rolls of appellants, establish that the adjusters were independent contractors. Anchor Casualty Company v. Hartsfield, *supra*. The only evidence tending to show control by the appellants over the work of the adjusters was Daugherty's testimony that he once overheard one of the appellants tell an adjuster to get in touch with a person living in a town where the adjuster was going. This testimony is no more than a scintilla of evidence of the right of control. Anchor Casualty Company v. Hartsfield, *supra*.

The judgment is reversed and here rendered that appellees take nothing.