**DICKERSON–SEELY & ASSOCIATES, INC., Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION, Appellee.**

No. 3–89–008–CV.

Court of Appeals of Texas, Austin.

Jan. 31, 1990.

Suzanne Underwood, Babb & Hanna, Austin, for appellant.

Jim Mattox, Atty. Gen. and Susan F. Eley, Asst. Atty. Gen., Austin, for appellee.

Before POWERS, CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

In this tax refund suit, appellant contests appellee's assessment of unemployment compensation contributions. Appellee Commission ruled that a claimant (who is not a party to this proceeding) and other appraisers under contract to appellant are its employees within the meaning of the Texas Unemployment Compensation Act. Tex.Rev.Civ.Stat.Ann. art. 5221b–1 et seq. (1987 & Supp.1989). Appellee ordered appellant to pay unemployment compensation contributions, plus interest and penalties, for the claimant and for all others similarly situated. *See* Article 5221b–12. Appellant paid all assessed contributions under protest and filed this suit for refund pursuant to art. 5221b–12(j)(2). The district court rendered judgment that the Commission's decision was supported by substantial evidence and denied all relief sought. We will reverse the judgment and remand the cause to the district court for further proceedings.

Appellant is a Texas corporation that contracted with a number of real estate appraisers to perform appraisal work. Apparently, each appraiser is paid a percent of the fee charged for each appraisal performed on appellant's behalf.

Under the Texas Unemployment Compensation Act, employers are obligated to contribute to the unemployment compensation fund for all "wages for employment paid" during the calendar year. Article 5221b–5(a). One of appellant's former appraisers filed a claim with the Commission seeking unemployment compensation benefits arising from her relationship with appellant. Upon investigation, appellee determined that the claimant and other appraisers, whom appellant had treated as independent contractors, were in the employment of appellant, as defined under article 5221b–17(g)(1). Appellee assessed appellant for due but unpaid unemployment compensation contributions, as well as interest and penalties, based upon the wages it had paid to the claimant and others. Appellant paid the sums under protest, filed a written refund request with the agency, and requested a Rule 13 agency hearing. 40 Tex.Admin.Code § 301.13 (West 1989). Appellee ruled that appraisers performing services for appellant were

in its employment and, thus, it owed unemployment compensation contributions based upon its employees' earnings. The request for refund was denied.

Appellant filed suit under article 5221b–12(j)(2) seeking a refund of the taxes in dispute on the basis that the appraisers in question were independent contractors. Article 5221b–12(j)(2) provides that when an application for tax refund has been denied by the Commission, the "employing unit" may, within the time provided, "commence an action" for refund in a Travis County court, and further provides that the action "shall be de novo" and shall be the exclusive means to obtain a refund. The parties stipulated to the evidence and submitted trial briefs to the court in lieu of oral argument. The district court denied all requested relief, finding that appellee's actions were supported by substantial evidence. Appellant filed a motion for new trial, arguing that the court had incorrectly applied the substantial evidence standard of review. This motion was overruled by operation of law. Appellant also requested findings of fact and conclusions of law, but none were made.

By its first three points of error, appellant argues that the trial court applied the wrong standard to review the evidence and decide the dispute. Under article 5221b–12(j)(2), "such action shall be de novo." In *Rowan Oil Co. v. Texas Employment Comm'n*, 152 Tex. 607, 263 S.W.2d 140 (1953) (suit for refund where tax rate in dispute following company reorganization), the Texas Supreme Court held that an action for refund under article 5221b–12(j)(2) is not an appeal from an adverse ruling of an administrative agency but is instead an original action to recover contributions paid but not legally due. The facts determining recovery are found by the trial court through evidence produced and developed at trial, and the substantial evidence rule has no application in such a case. *Rowan Oil*, 263 S.W.2d at 142. The Court held that, as a result, the ordinary fact-finding procedure should be employed by the trial court. *Id.* at 141; *Armco Steel Corp. v. Texas Employment Comm'n*, 386 S.W.2d 894 (Tex.Civ.App.1965, writ ref'd n.r.e.).

In a trial de novo, the "ordinary fact-finding procedure" entails a fact determination by a preponderance of the evidence. *Southwestern Bell Tel. Co. v. Public Utility Comm'n*, 571 S.W.2d 503, 511 (Tex. 1978); *State Bd. of Ins. v. Professional & Business Men's Ins. Co.*, 359 S.W.2d 312, 319 (Tex.Civ.App.1962, writ ref'd n.r.e.). The same procedure applies in actions by the State to collect contributions. *Barnett v. Texas Employment Comm'n*, 510 S.W.2d 361 (Tex.Civ.App.1974, writ ref'd n.r.e.) (appellate court held that adjusters were independent contractors); *State v. Kenyon*, 153 S.W.2d 195 (Tex.Civ.App. 1941, writ ref'd).

Despite some confusion below, at oral argument the parties agreed that an action filed for the purpose of obtaining a refund under art. 5221b–12(j)(2) requires a trial de novo as the *manner* of judicial review. The parties disagree as to the *scope* of review that is required when the manner of review is by trial de novo. The Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19 (Supp.1990), can be instructive in analyzing the matter. Under APTRA, where trial de novo is the manner of review prescribed by the Legislature, "the reviewing court shall try all issues of fact and law in the manner applicable to other civil suits in this state [including trial by jury] but may not admit in evidence the fact of prior agency action or the nature of that action (except for reasons not material here)." In the instant cause, however, the parties by agreement introduced into evidence the transcript of testimony and exhibits from the agency hearing. No party complains on appeal in that regard.

The proper scope to be employed is the one provided by the law pursuant to which the action is instituted. APTRA § 19(e). The Legislature provided that, where the law authorizes a trial de novo, "... the courts shall try the case in the manner applicable to other civil suits ... as though there had been no intervening agency action or decision...." APTRA § 19(e). The reviewing court is required to determine anew all issues of law and fact as in

any other civil action, basing its findings upon a preponderance of the evidence. Indeed, the filing of the petition "vacates" the agency's decision altogether. APTRA § 19(b)(3). This differs from the legislative scheme established for complaining of an agency's decision when the manner and scope of review is "other than by trial de novo." APTRA § 19(b)(3), (d) and (e). *See generally Texas Ind. Traffic League v. Railroad Comm'n,* 672 S.W.2d 548 (Tex. App.1984, writ ref'd n.r.e.).

Our courts have long held that the power to try a case de novo vests the court with full power to determine the facts anew and to decide all matters in issue. The agency judgment is a nullity, and the court is to hear and decide the case as any other civil action. *Southern Canal Co. v. State Bd. of Water Eng'rs,* 159 Tex. 227, 318 S.W.2d 619, 622 (Tex.1958). The court does not review whether the agency's actions were reasonably supported by substantial evidence. Instead, the fact-finder determines all fact issues from the evidence presented at trial, and the court determines all the parties' legal rights. *Id.* at 622.

Appellee acknowledges in general that the manner and scope of review are by trial de novo in a tax refund action brought under art. 5221b–12(j)(2). The Commission contends, however, that a single issue cannot be litigated anew but instead must be determined merely by substantial evidence, a scope of review associated with proceedings other than trial de novo. APTRA § 19(d), (e). Appellee cites no authority for its proposition but likens this to the statutory scheme relating to judicial review of contested claims for unemployment benefits. *Mercer v. Ross,* 701 S.W.2d 830 (Tex. 1986); article 5221b–4(i). The statute, however, treats actions between the Commission and employer establishing tax liability differently from those actions determining unemployment benefit claims.

Appellee argues that because the Legislature gave the Commission the power to determine an applicant's employment sta-

tus in its discretion, its decision on this issue must be reviewed by the "abuse of discretion" inquiry normally associated with "substantial evidence review." [1] The Commission's premise arises from the statutory definition of "employment" set forth in article 5221b–17(g)(1), which states:

> '[*e*]*mployment*' means any service ... performed for wages or under any contract of hire ... provided that any services performed by an individual for wages *shall be deemed to be employment* subject to this Act *unless and until it is shown to the satisfaction of the Commission* that such individual has been and will continue to be free from control or direction over the performance of such services.... (Emphasis supplied.)

Appellee argues that its determination regarding employment status can be overturned by the court only on a showing that appellee abused its discretion in making its decision. If its decision has reasonable support in the evidence, it argues that its finding must be upheld and is binding in this dispute. The statutory discretion granted appellee simply means that it may find that the statutory presumption in favor of employment has been overcome when the Commission has found that an individual "has been and will continue to be free from control or direction over the performance of such services...." That the power to make that determination lies in its discretion means only that the Commission must decide the matter from the evidence adduced and the facts therefrom which may be inferred. The presumption applies or not depending upon the facts. *Cf. Railroad Comm'n v. Shell Oil Co.,* 139 Tex. 66, 161 S.W.2d 1022, 1025–27 (1942) (that the granting of Rule 37 permit lies in Commission's discretion means only that it may grant or deny permit upon a "reasonable basis in fact" and not that it could act in an "unlimited or arbitrary discretion to grant or refuse a permit whenever it should see fit").

---

1. "Abuse of discretion" is the end result of a finding that the agency action was not supported by substantial evidence. Both terms re-

fer to the same test. *Gerst v. Nixon,* 411 S.W.2d 350, 354 (Tex.1966).

Appellee would have us combine two types of review in the same proceeding. This would entail (1) a factual determination from a preponderance of the evidence at trial as to all issues except one, but (2) a legal determination of substantial evidence to support the agency's decision as to the question of employment status. Such a construction would defeat the clear legislative decision that refund suits shall be conducted by trial de novo. It is well-settled that a court cannot conduct a trial in which both a preponderance of the evidence and a substantial evidence review are utilized.

"Now, obviously, the courts cannot conduct both types of trial, or even a hybrid type of trial, in the same suit. The two are diametrically opposed to each other. If the issue to be decided and on which evidence is to be heard is the *reasonableness* of the Board's order, the courts can hardly try the case de novo.... An effort to enforce the section literally would lead to an impossible situation." (Emphasis original.)

*Southern Canal*, 318 S.W.2d at 623–24; accord, *Southwestern Bell*, 571 S.W.2d at 511. We decline to hold that the term "employment," as defined in article 5221b–17(g)(1), somehow alters the scope of a trial de novo proceeding in a tax refund action. We hold that the fact-finder is to determine the question of employment status, like all issues of fact, from a preponderance of the evidence presented in the trial court.

Article 5221b–1 et seq. does not provide for the court to "review" whether there is substantial evidence to support the Commission's decision imposing tax liability and denying a refund. In fact, the statute has been held to be construed against the taxing authority. *Kenyon*, 153 S.W.2d at 199. Instead, the statute provides for instituting an original court proceeding wherein an employer may litigate the question of liability and seek to prove that he is entitled to recover money paid but not legally owed. Whether the tax was paid for persons not in employment is only one basis on which a party may show himself entitled to refund and must be decided by the fact-finder. Once the Commission makes its final determination of tax liability, an employer who

disagrees with that decision may either pay and sue for refund or wait to be sued for collection and defend. In either event, at that time the trial court decides whether persons are found to be in employment and, thus, whether tax is legally due. *See Morrow v. Texas Employment Comm'n*, 497 S.W.2d 635 (Tex.Civ.App.1973, writ dism'd). The standard for liability under the statute is similar to the test for determining "employee" versus "independent contractor." *Barnett*, 510 S.W.2d at 363.

By contrast, article 5221b–4 provides the authority by which the Commission determines claims for unemployment benefits. Texas Employment Commission hearings on these matters are excluded from the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 21(g) (Supp.1990). The manner and scope of appellate review of the Commission's decision is provided in article 5521b–4(i), which requires the court to determine whether there is substantial evidence to support the ruling of the agency. The action of the agency carries a presumption of validity, and the party seeking to recover must show that its action was not supported by substantial evidence. *Mercer*, 701 S.W.2d at 831 (suit by employer to set aside award of benefits on basis employee discharged for mismanagement); *Texas Employment Comm'n v. Schepps Dairy, Inc.*, 591 S.W.2d 330 (Tex.Civ.App.1979, no writ). *See also* Reavley, *Substantial Evidence and Insubstantial Review in Texas*, 23 Sw.L.J. 239 (1969). Appellee seeks to have this court apply a similar scope of review to a refund action, in contravention of the controlling statutes. We decline to do so.

Although evidence was adduced below by stipulation, the trial court has not yet reviewed that evidence to find the facts necessary for it to render a judgment based upon a preponderance of that evidence. We will sustain appellant's first three points of error and remand the case for further proceedings consistent with our opinion. We are not to be interpreted as deciding the merits of the underlying dispute between the parties.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.[2]

2. We note that the legislature has recently exempted certain appraisers from the Unemployment Compensation Act. 1989 Tex.Gen.Laws, ch. 22, § 1 at 299. We cannot determine from the record whether the disputed appraisers fall within the parameters of the new definition. Furthermore, we do not decide whether, if the appraisers do come within the definition, the recent legislation applies upon remand.