**COWAN BOAT TRANSFER, INC., Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION, et al., Appellees.**

No. 3-89-056-CV.

Court of Appeals of Texas, Austin.

May 2, 1990.

Rehearing Overruled June 20, 1990.

David H. Gilliland, John F. Williams, Austin, for appellant.

Jim Mattox, Atty. Gen., Susan F. Eley, Asst. Atty. Gen., Austin, for appellees.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

Appellant brought a declaratory judgment action challenging the Texas Employment Commission's determination that contract truck drivers performing services for appellant were considered "in the employment" of appellant for unemployment compensation tax purposes. *See* Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–37.011 (1986); Tex.Rev.Civ.Stat.Ann. art. 5112b–17(g)(1) (1987); 40 Tex.Admin.Code § 301.13 (1989) (hereinafter "Commission Rule 13"). The district court sustained appellees' plea to the jurisdiction and dismissed appellant's suit. We will affirm the order of the district court.

## BACKGROUND

In 1985, the Commission notified appellant that persons performing contract truck driving services were considered employees for unemployment tax purposes. Appellant then requested a hearing to challenge the Commission determination. *See* Commission Rule 13. After the hearing, the Commission ruled that the truck drivers were "in the employment" of appellant under the Texas Unemployment Compensation Act (hereinafter "Act"), and appellant was liable for unemployment tax contributions based on compensation paid to the drivers for their services. The Commission denied appellant's motion for rehearing, and appellant sued for declaratory relief.

The parties stipulated at the district court hearing on appellees' plea to the jurisdiction that the Commission has never assessed appellant for unemployment taxes based on its Commission Rule 13 ruling and that appellant has not paid any taxes to the Commission as a result of the ruling.

## CONTENTIONS OF THE PARTIES

Relying on *Cobb v. Harrington*, 190 S.W.2d 709, 713–714 (Tex.1945), appellant contends that a declaratory judgment action is proper because the statutory remedy provided in the Act is "plainly inadequate." *See* Tex.Rev.Civ.Stat.Ann. art. 5221b–12(j)(2) (1987). Appellant argues that because it was deemed an employer, but has never been assessed for unemployment tax contributions, appellant has no recourse under the statutory remedy to contest the Commission's determination. *See id.* Appellant asserts that without declaratory relief it is in legal limbo—knowing it is allegedly subject to the Commission's tax jurisdiction, but unable to assert its claimed right to exclusion from the class of taxpayers subject to such jurisdiction.

Appellees respond that section 12(j)(2) of the Act provides appellant an exclusive and adequate remedy. Appellees contend that the Act does not require the Commission to issue a formal assignment of taxes before tax liability arises; appellant is obligated to pay the estimated tax pursuant to section 5 of the Act before it is entitled to judicial review of the Commission ruling. *See* Tex. Rev.Civ.Stat.Ann. art. 5221b–5 (1987 & Supp.1990). Appellees therefore conclude that declaratory relief is not available to appellant.

## DISCUSSION AND HOLDING

With respect to tax payment liability, section 5(a) of the Act provides in part:

Contributions shall accrue and become payable by each employer for each calendar year, or portion thereof, *in which he is subject to this Act*, with respect to wages for employment paid.... Such contributions shall become *due and be paid by each employer ... in accordance with such rules or regulations as the Commission may prescribe....*

Tex.Rev.Civ.Stat.Ann. art. 5221b–5(a) (1987) (emphasis added). Commission rule 301.9(a) reads:

When, in any calendar year an ... employing unit *becomes an employer subject to this Act*, [it] shall ... make a report and pay contributions with respect to all completed calendar quarters.... *Contributions shall accrue* quarterly and *shall become due* on the first day of the month immediately following such calendar quarter. They shall be paid to the commission on or before the last day of such month.

40 Tex.Admin.Code § 301.9(a) (1989) (emphasis added). The Act provides detailed information and tables to enable employers to calculate and submit the tax. Tex.Rev. Civ.Stat.Ann. art. 5221b–5.

Despite the statutory payment requirement based on the Commission's ruling that appellant is an employing unit subject to the Act, appellant has not paid unemployment tax contributions for its alleged "employment" of the contract truck drivers. Had appellant paid an estimated tax contribution under protest, it could have filed a section 12(j)(2) refund action in a court of competent jurisdiction. Tex.Rev. Civ.Stat.Ann. art. 5221b–12(j)(2). In that proceeding, appellant would have been afforded the opportunity to argue that the drivers were not "in the employment" of appellant, and therefore not subject to the

tax. *Dickerson–Seely & Associates, Inc. v. Texas Employment Comm'n,* 784 S.W.2d 573 (Tex.App.1990, no writ). Or, appellant was entitled to do nothing, and await the initiation by the Commission of a proceeding to compel payment; it could contest the jurisdictional issue in such a proceeding as well. *Id.*

Appellant's failure to pay raises two threshold questions: (1) whether the Commission's failure to assess appellant for taxes due justifies appellant's non-payment; and (2) whether the Commission's failure to assess and appellant's failure to pay renders inapplicable the section 12(j)(2) remedy provided in the Act. In determining the meaning of the Act, with respect to whether appellant was obligated to pay an estimated tax contribution in the absence of a formal assessment by the Commission, we are governed by well-settled rules of statutory construction. If the Legislature's intent is apparent from the plain language of the Act, we need not analyze extrinsic evidence of its intent. *See Minton v. Frank,* 545 S.W.2d 442, 445 (Tex. 1976). In addition, we will not read section 12(j)(2) in isolation from the remainder of the Act as appellant would prefer us to do. *See Medeiros v. Insurance Co. of N. America,* 781 S.W.2d 404, 406 (Tex.App. 1989, no writ).

> Section 12(j)(2) provides in part:
> When an employing unit has made a payment ... *alleged to be due* and has ... made application ... for a refund ... and such application for refund ... has been denied by the Commission, such employing unit may ... commence an action in ... court....

Tex.Rev.Civ.Stat.Ann. art. 5221b–12(j)(2) (emphasis added). Appellant contends that because the Commission never "alleged" that payment of tax contributions was due, that is, that the Commission never formally assessed appellant, section 12(j)(2) does not apply to the case before us. We disagree.

■ The plain language of the Act, viewed as a whole, indicates that the Legislature did *not* intend for the existence of tax liability to hinge on whether the Commission formally assessed an employing unit for unemployment taxes. We therefore conclude that due to the Commission's 1985 notification and 1986 ruling that the contract truck drivers were considered "in the employment" of appellant, the statutory tax contributions were "alleged to be due" for purposes of (1) tax liability arising under the Act and (2) the resulting applicability of the remedy provided in section 12(j)(2). Tex.Rev.Civ.Stat.Ann. arts. 5221b–12(j)(2) and 5221b–17(g)(1) (1987).

■ Section 12(j)(2) of the Act expressly states that it shall be the *exclusive* remedy. Tex.Rev.Civ.Stat.Ann. art. 5221b–12(j)(2). Accordingly, appellant's reliance on *Cobb,* 190 S.W.2d 709, is misplaced. *Cobb* was a declaratory judgment action that resolved whether plaintiffs there were liable for occupation taxes on certain motor carriers. In *Cobb,* the Supreme Court held that declaratory relief was appropriate because the existence of another adequate remedy did not bar the right to maintain an action under the declaratory judgment statute. 190 S.W.2d at 714. However, the applicable statute at issue in *Cobb,* providing for suit to recover taxes paid under protest (similar to section 12(j)(2) of the Unemployment Compensation Act), *did not provide an exclusive remedy* so as to preclude an action for declaratory relief. *Id.* Therefore, *Cobb* must be distinguished. *See Texas Employment Comm'n v. Todd Shipyards Corp.,* 257 S.W.2d 720, 729–30 (Tex. Civ.App.), *aff'd in part and rev'd in part on other grounds,* 153 Tex. 159, 264 S.W.2d 709 (1953).

Because we conclude that appellant's remedy lies exclusively in section 12(j)(2) of the Unemployment Compensation Act, we overrule appellant's sole point of error.

The district court's order granting appellees' plea to the jurisdiction is affirmed.